Justice Alito,
concurring in the judgment.
I agree with the Court that the Seventh Circuit used an erroneously low standard for determining whether the plaintiffs in this case satisfied their burden of pleading “with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.” 15 U. S. C. § 78u-4(b)(2). I further agree that the case should be remanded to allow the lower courts to decide in the first instance whether the allegations survive under the correct standard. In two respects, however, I disagree with the opinion of the Court. First, the best interpretation of the statute is that only those facts that are alleged “with particularity” may properly be considered in determining whether the allegations of scienter are sufficient. Second, I agree with Justice Scalia that a “strong inference” of scienter, *334 in the present context, means an inference that is more likely than not correct.
I
On the first point, the statutory language is quite clear. Section 78u-4(b)(2) states that “the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.” Thus, “a strong inference” of scienter must arise from those facts that are stated “with particularity.” It follows that facts not stated with the requisite particularity cannot be considered in determining whether the strong-inference test is met.
In dicta, however, the Court states that “omissions and ambiguities” merely “count against” inferring scienter, and that a court should consider all allegations of scienter, even nonparticularized ones, when considering whether a complaint meets the “strong inference” requirement. Ante, at 326. Not only does this interpretation contradict the clear statutory language on this point, but it undermines the particularity requirement’s purpose of preventing a plaintiff from using vague or general allegations in order to get by a motion to dismiss for failure to state a claim. Allowing a plaintiff to derive benefit from such allegations would permit him to circumvent this important provision.
Furthermore, the Court’s interpretation of the particularity requirement in no way distinguishes it from normal pleading review, under which a court naturally gives less weight to allegations containing “omissions and ambiguities” and more weight to allegations stating particularized facts. The particularity requirement is thus stripped of all meaning.
Questions certainly may arise as to whether certain allegations meet the statutory particularity requirement, but where that requirement is violated, the offending allegations cannot be taken into account.
*335 II
I would also hold that a “strong inference that the defendant acted with the required state of mind” is an inference that is stronger than the inference that the defendant lacked the required state of mind. Congress has provided very little guidance regarding the meaning of “strong inference,” and the difference between the Court’s interpretation (the inference of scienter must be at least as strong as the inference of no scienter) and Justice Scalia’s (the inference of scienter must be at least marginally stronger than the inference of no scienter) is unlikely to make any practical difference. The two approaches are similar in that they both regard the critical question as posing a binary choice (either the facts give rise to a “strong inference” of scienter or they do not). But Justice Scalia’s interpretation would align the pleading test under §78u-4(b)(2) with the test that is used at the summary-judgment and judgment-as-a-matter-of-law stages, whereas the Court’s test would introduce a test previously unknown in civil litigation. It seems more likely that Congress meant to adopt a known quantity and thus to adopt Justice Scalia’s approach.